**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2718
_____

ROBERT HARRIOTT,
                    Appellant

v.

CITY OF WILKES BARRE; WILKES BARRE POLICE DEPARTMENT;
ROBERT COLLINS; SGT. SHERIDAN; BENSON; OFFICER CONMY;
CODE ENFORCEMENT; FRANK KRATZ; MICHAEL SIMONSON
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-14-cv-01087)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 4, 2016
Before: FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Filed: January 5, 2016)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Robert Harriott appeals from the District Court's orders dismissing his amended complaint and deeming moot an untitled document he had filed. For the reasons that follow, we will affirm.

On June 5, 2014, Harriott filed a complaint against the City of Wilkes-Barre, Pennsylvania ("the City"); the Wilkes-Barre Police Department; and various police officers and building inspectors seeking $52 million in damages. In screening the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Magistrate Judge discerned that Harriott alleged that his rights had been violated by the conduct of the Wilkes-Barre police in connection with the apparent arrest of third parties at a property owned by Harriott, and the subsequent conduct of building code inspectors who, after being summoned by the police, accused Harriott of violating building safety codes and operating an illegal boarding house. The Magistrate Judge recommended dismissing the complaint without prejudice because it failed to comply with Federal Rule of Civil Procedure 8, improperly named the Wilkes-Barre Police Department as a defendant, and failed to state a claim against the City. The District Court adopted the recommendation and provided Harriott 14 days to file an amended complaint.

Harriott filed a timely amended complaint. On April 30, 2015, in screening Harriott's amended complaint pursuant to § 1915(e)(2)(B)(ii), the Magistrate Judge issued a second report recommending dismissal of the claims against the City, the Wilkes-Barre Police Department, and Officers Benson and Conmy with prejudice for failure to state a claim. With respect to the remaining claims and defendants, the

Magistrate Judge recommended that the amended complaint be dismissed without prejudice for failure to comply with Rule 8, specifically highlighting the amended complaint's failure to set forth any prayer for relief. On June 1, 2015, after the time for filing objections to the Magistrate Judge's recommendation had passed, Harriott filed an untitled document reasserting allegations made in his amended complaint and once again including a request for $52 million.

In an order entered on June 8, 2015, the District Court adopted the Magistrate Judge's second report and recommendation and dismissed the City, the Wilkes-Barre Police Department, and Officers Benson and Conmy with prejudice for failure to state a claim, and the remaining defendants without prejudice for failure to comply with Rule 8. The District Court's order provided Harriott with one final opportunity to amend his complaint within 14 days and warned Harriott that failure to do so would result in dismissal of the matter with prejudice. Also on June 8, 2015, the District Court entered a separate order informing Harriott that he was "on notice that his June 1, 2015, untitled filing . . . is deemed moot to the extent he may intend to request action of the Court," and referring him to the accompanying order allowing him to file a second amended complaint within 14 days. On June 29, 2015, after Harriott failed to file a subsequent amended complaint within that specified time period, the District Court entered an order dismissing the case with prejudice. Harriott appeals. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

Although Harriott raised a number of claims in his complaint, he presented only three in his brief to this Court: (1) the District Court erred in rejecting his June 1, 2015, untitled filing in its June 8, 2015 order; (2) the City was improperly dismissed on June 8, 2015; and (3) the Magistrate Judge was biased. We shall address these three arguments and consider all others waived for failure to brief. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993); Timson v. Sampson, 518 F.3d 870, 874 (11th Cir. 2008) (per curiam).

Harriott first argues that his untitled filing should have been accepted by the District Court as a timely objection to the Magistrate Judge's report and recommendation. To the extent Harriott's untitled filing was intended to be an objection to the Magistrate Judge's report and recommendation, however, it was untimely. His objections were due on or before May 18, 2015. See ECF No. 9; see also 28 U.S.C. § 636(b)(1). He did not submit his untitled filing until June 1, 2015.[1] Although on appeal Harriott claims that his receipt of the report and recommendation was delayed in the mail, he never informed the District Court of these circumstances, nor did he request leave to file objections out of time.[2]

---

[1] Harriott is not incarcerated, and is therefore not entitled to the mailbox rule for his filings. See Houston v. Lack, 487 U.S. 266, 276 (1988).

[2] Upon review, it appears that Harriott's June 1, 2015 filing could also be construed as an attempt to file a second amended complaint in response to the Magistrate Judge's report and recommendation. To the extent that Harriott's filing was such an attempt, we cannot say that the District Court erred in deeming it moot. Harriott did not inform the District Court that he intended the untitled filing, docketed as a "Document/Letter," to be his second amended complaint, as he had done with his first amended complaint. Moreover, in declaring the document moot, the District Court did not foreclose Harriott from

On appeal, Harriott also argues that the City, which he characterizes as "the main defendant," was improperly dismissed. We exercise plenary review over the District Court's dismissal of the City for failure to state a claim under § 1915(e). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We agree with the District Court that Harriott failed to allege sufficient facts to state a claim against the City for the acts of its police officers and employees. A municipality cannot be held liable in a § 1983 action on a theory of respondeat superior. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Instead, liability may be imposed only where it can be shown that the municipality had a policy, regulation, custom, or practice that led to the alleged constitutional violation. See Mulholland v. Gov't County of Berks, 706 F.3d 227, 237 (3d Cir. 2013). Harriott's amended complaint described only his personal experiences and contained no allegations whatsoever of a policy, custom, or practice of the City that resulted in the alleged harm. Moreover, given that Harriott was previously provided with notice of how to fix his complaint and failed to correct the deficiency with respect to the City in his amended complaint, the District Court did not err when it declined to grant Harriott further leave to amend with respect to this defendant. See Grayson, 293 F.3d at 108 (explaining that leave to amend need not be granted if amendment would be futile).

---

amending his complaint a second time. Indeed, the District Court expressly informed Harriott of his ability to file a second amended complaint in accordance with the instructions in the order of dismissal entered that same day. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (explaining that a district court generally must allow a plaintiff leave to amend a deficient complaint prior to dismissal unless doing so would be futile).

5

Finally, to the extent that Harriott argues that the Magistrate Judge was biased against him, we have carefully reviewed the record and detect nothing that raises an inference of bias.  See, e.g., Liteky v. United States, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

Accordingly, we will affirm District Court's judgment.